THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MARY COX** | : | |
| 1058 Country Club Ct. | : | |
| Washington Court House, OH 43160 | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:23-cv-2475 |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| **MIKE-SELL'S** | : | |
| **POTATO CHIP CO.** | : | |
| 333 Leo Street | : | |
| Dayton, OH 45404 | : | |
| | : | |
| c/o Statutory Agent | : | |
| Corporation Service Company | : | |
| 3366 Riverside Drive, Suite 103 | : | |
| Upper Arlington, OH 43221 | : | **Jury Demand Endorsed Herein** |
| | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Mary Cox ("Plaintiff") and proffers this Complaint for damages against Defendant Mike-Sell's Potato Chip Co. ("Defendant").

## THE PARTIES

1.    Plaintiff is a natural person residing in Fayette County, Ohio.

2.    Defendant Mike-Sell's Potato Chip Co. is a Domestic Corporation doing business in the Southern District of Ohio.

3.     Plaintiff was an employee of Defendant as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq* and the Ohio Civil Rights Act, R.C. § 4112 at all relevant times herein.

4.     Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq.* and the Ohio Civil Rights Act, R.C. § 4112.

## JURISDICTION AND VENUE

5.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Ohio Laws of Discrimination. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

6.     Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed her job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

7.     Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of her Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A".

## FACTUAL BACKGROUND

8.     Plaintiff began working for Defendant Mikesell's Potato Chip Company on August 22, 2022, as a People Partner.

9.     As a People Partner, Plaintiff performed job duties related to Human Resources, and she was responsible for handling employee complaints of harassment and discrimination.

10.     Plaintiff's position required her to work closely with HR Consultant, Erin Rastikis.

11.     Plaintiff's performance and disciplinary history was devoid of any significant issues until she reported the sexual harassment of a colleague to the company's HR Consultant and initiated and participated in a sexual harassment investigation into the conduct of company president, Luke Mapp.

12.     In early September 2022, Operational Consultant Ali Lee verbally reported multiple concerns she had with Mr. Mapp's conduct towards her.

13.     Ms. Lee reported Mr. Mapp's conduct to Plaintiff, in her capacity as a People Partner.

14.     Ms. Lee reported that Mr. Mapp made sexual advances toward Ms. Lee, asking her to dinner and asking her to go on a private vacation with him.

15.     Ms. Lee declined all of Mr. Mapp's advances.

16.     Ms. Lee also told Plaintiff that she had reported the harassment to Ms. Rastikis months before in or around June 2022.

17.     On or about September 12, 2022, Plaintiff asked Ms. Rastikis if she was aware of the incidents between Ms. Lee and Mr. Mapp.

18.     Ms. Rastikis said that she did not believe Ms. Lee reported her concerns to her in any official capacity as HR consultant because the two were at Ms. Rastikis's house when Ms. Lee reported it to her.

19.     It is important to note that Ms. Lee was at Ms. Rastikis's house on an invitation to stay in her home while Ms. Lee traveled to the main office in Dayton from Ms. Lee's home in Columbus.

20.     Upon information and belief, it was a regular practice of Ms. Rastikis to invite Defendant's employees into her home when travel to Dayton was required.

21.     It is clear that Ms. Lee was staying at Ms. Rastikis's house for work-related travel, and that Ms. Lee would not have been in Ms. Rastikis's home but for work.

22.     Nonetheless, Ms. Rastikis did not perceive Ms. Lee's reports of sexual harassment as something she needed to act on, despite Ms. Lee's request for company-wide sexual harassment training to be conducted.

23.     Upon information and belief, Ms. Rastikis, despite her role as HR Consultant, has a habit of blurring the boundary between business and personal interactions.

24.     For example, Plaintiff and Ms. Rastikis attended the Ohio Human Resources Conference, during which Rastikis became intoxicated and kissed Plaintiff on the cheek.

25.     On or about September 13, 2022, Ms. Rastikis agreed to open up an investigation into Ms. Lee's reports of Mr. Mapp's sexual harassment of her.

26.     The investigation clearly occurred as a result of Plaintiff's conversations with Ms. Rastikis on the matter since Ms. Rastikis had not previously acted upon Ms. Lee's reports to her in June 2022.

27.     The investigation required Plaintiff to write a statement on Lee's reports to her.

28.     After Plaintiff drafted and submitted her statement, Ms. Rastikis asked Plaintiff to amend her statement on three separate occasions.

29.     Specifically, Ms. Rastikis requested Plaintiff to amend a segment regarding remedial action requested by Ms. Lee.

30.     Ms. Lee had requested sexual harassment training be conducted company-wide, and Ms. Rastikis requested Plaintiff to amend the statement to reflect a request for general, company-wide training.

31.     Plaintiff refused to change her statement and explained that she was not comfortable changing it because she felt it would be dishonest and inaccurate.

32.     Plaintiff stated that changing the statement with Ms. Rastikis's requests would make it Rastikis's statement, not hers.

33.     Plaintiff and Ms. Rastikis further disagreed on other facts alleged in the investigation, such as when Ms. Rastikis alleged that Ms. Lee actually did not decline Mapp's advances based on Ms. Lee informing Mr. Mapp that she was in a relationship and her significant other would not appreciate his conduct.

34.     In other words, Ms. Rastikis did not view Ms. Lee's rejection of Mapp's advances as truly being a rejection since she stated that her significant other would not appreciate it.

35.     Clearly, the harassment was unwanted because Ms. Lee reported it to Ms. Rastikis, who is the HR Consultant and head of HR.

36.     There is no other logical reason Ms. Lee would have reported this conduct to Ms. Rastikis.

37. On or about September 28, 2022, Plaintiff had a meeting with Mr. Mapp in which she reported several issues regarding Ms. Rastikis and the direction she was taking the company.

38. Plaintiff reported Ms. Rastikis' mishandling of a Workers' Compensation claim and misclassification of another employee's job title and wages.

39. Plaintiff also advocated on behalf of Defendant's employees and informed Mr. Mapp that the employees preferred a clear attendance policy, which Ms. Rastikis opposed.

40. On or about October 3, 2022, Plaintiff voiced her discontent regarding disciplinary action Ms. Rastikis issued to her for unopened mail.

41. Plaintiff maintained that it was inappropriate to be disciplined for unopened mail and asked that Ms. Rastikis remove the coaching from her record.

42. That disagreement resulted in another disagreement regarding the handling of Ms. Lee's sexual harassment reports to the company.

43. Plaintiff was terminated the following day, October 4, 2022, just three hours after Plaintiff told Ms. Rastikis for the third time that she was unwilling to amend the statement she made regarding Ms. Lee's reports of Mr. Mapp's harassment of her.

44. Mr. Mapp and Ms. Rastikis terminated Plaintiff because she was not a good fit with the company.

45. The circumstances surrounding Plaintiff's termination provide an inference of unlawful conduct because Plaintiff was terminated from her employment by the individual accused of the sexual harassment, and by Ms. Rastikis, who had motivation

to protect herself from liability for her failure to timely address the allegations regarding Mr. Mapp's conduct.

## COUNT I – TITLE VII
### Retaliation

46. Paragraphs 1 through 45 above are realleged and incorporated herein.

47. Plaintiff engaged in a protected activity by, inter alia, acting on Ms. Lee's reports of Mr. Mapp's sexual harassment and opened and participated in an investigation into the allegations of sexual harassment.

48. Defendant was aware that Plaintiff engaged in a protected activity because she worked with HR Consultant Ms. Rastikis on the investigation, and the two had multiple conversations about Lee's complaints.

49. Ms. Rastikis made Mr. Mapp aware of Plaintiff's participation in the investigation on or about September 13, 2022.

50. Once Plaintiff engaged in a protected activity, Defendant intentionally retaliated against her by terminating Plaintiff from her employment, by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment and otherwise discriminating against Plaintiff in the terms, privileges and conditions of her employment.

51. As a direct and proximate cause of Defendant's conduct, Plaintiffs has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

52.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorneys' fees and costs.

## COUNT II- RC §4112

### Retaliation

53.     Paragraphs 1 through 52 above are realleged and incorporated herein.

54.     Plaintiff engaged in a protected activity by, inter alia, acting on Ms. Lee's reports of Mr. Mapp's sexual harassment and opened and participated in an investigation into the allegations of sexual harassment.

55.     Defendant was aware that Plaintiff engaged in a protected activity because she worked with HR Consultant Ms. Rastikis on the investigation, and the two had multiple conversations about Lee's complaints.

56.     Ms. Rastikis made Mr. Mapp aware of Plaintiff's participation in the investigation on or about September 13, 2022

57.     Once Plaintiff engaged in a protected activity, Defendant intentionally retaliated against her by terminating Plaintiff from her employment, by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment and otherwise discriminating against Plaintiff in the terms, privileges and conditions of her employment.

58.     As a direct and proximate cause of Defendant's conduct, Plaintiffs has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

8

59.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,


/s/ Jamie R. Bailey
Jamie R. Bailey (0099789)
(Jamie@TheFriedmannFirm.com)
Rachel Sabo Friedmann (0089226)
(Rachel@TheFriedmannFirm.com)
**The Friedmann Firm LLC**
**(614) 610-9757**
3740 Ridge Mill Dr
Hilliard, Ohio 43026


*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Jamie R. Bailey*
Jamie R. Bailey (0099789)